## NOAH GRAHAM v. STATE.

No. A-5963. Opinion Filed July 2, 1927.
(257 Pac. 336.)

Anglin & Stevenson and Forrest M. Darrough, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Hughes county on a charge of having the unlawful possession of mash, capable of distillation, and was sentenced to serve 30 days in the county jail and pay a fine of $50.

The evidence was entirely circumstantial. The evidence discloses that about 100 to 200 yards from plaintiff in error's house was a well from which various people, including plaintiff in error, used water. Two other houses at which families resided were in the same field in which the well was located, as was plaintiff in error, and one of them lived about the same distance from the well. Only two witnesses were used by the state; they were officers and testified that about 85 feet from this well in one direction they found a barrel of mash and about 100 yards in another direction they found another barrel. There was a trail from plaintiff in error's house to the well, but none from his house to the place where the mash was found. One of the officers testified as follows:

"* * * Q. You don't know whether that (referring to the place where the mash was found) was on

his place or belonged to another house close to that well? A. His house is just as close.

"Q. Which one is the closest to the well? A. Mr. Graham's was the closest to the well.

"Q. That is where he got his water? A. Yes, sir. * * *

"Q. Isn't it a fact there is a house about the same distance from the spring as Graham's house? A. Well; I didn't pay no attention.

"Q. Graham's is the closest? A. Yes, sir.

"Q. You say there is another house? A. Yes, sir.

"Q. There was another one pretty close? A. I didn't pay much attention to it.

"Q. You don't know whether this was on his place or not? A. No; I don't.

"Q. Other people were getting water? A. I don't know. * * *"

The other officer testified in part:

"* * * How many other houses in that same inclosure? A. One by the creek quite a ways, three or four hundred yards, then one house about the same distance as Graham's, one south, and two or three west. * * *

"Q. You don't know whether that was on his place or not? A. There was a trail from his house leading down to the well. * * *

"Q. How many other houses in that inclosure? A. Three in that field.

"Q. Three houses all in the same inclosure in that field? A. Yes, sir. * * *"

This evidence on the part of the state is not sufficient to sustain the judgment. It raises a strong suspicion of defendant's guilt, but does not exclude

every reasonable hypothesis other than his guilt. Plaintiff in errer denied any knowledge or connection with the mash.

The case is reversed and remanded.